IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRESTON BLAKE,

    Plaintiff,                                  Civ. No. 17-807 JAP

        v.

LEA COUNTY CORRECTIONAL
FACILITY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Preston Blake, a New Mexico inmate proceeding pro se, asserts claims under 42 U.S.C. § 1983 against Lea County Correctional Facility, Geo Group Inc., Lea County Correctional Facility wardens R. Smith and J. Beaird, and correctional officers L. Rivas and Puente.[1] PRISONER'S CIVIL RIGHTS COMPLAINT ("Complaint") (Doc. No. 1). In Count I, Plaintiff alleges due process violations arising from a prison disciplinary hearing and appeal. *Id.* at 2–3. In Count II, Plaintiff alleges First, Fifth, and Fourteenth Amendment violations stemming from the purported confiscation and destruction of his property, including legal documents. *Id.* at 3. Finally, in Count III, Plaintiff claims that Defendants interfered with his access to the courts by prohibiting him from accessing the prison law library. *Id.* at 4. For the reasons below, the Court *sua sponte* will dismiss Plaintiff's claims against defendants Lea County Correctional Facility and Geo Group Inc. The Court further concludes that Plaintiff states valid

---

[1] Plaintiff does not provide the first name or initial of Officer Puente in the complaint.

claims in Count II, specifically with respect to Plaintiff's First and Fourteenth Amendment access to the courts and retaliation claims. The Court will dismiss Plaintiff's remaining claims without prejudice.

**Background**

On August 1, 2016, Plaintiff received a visitor at Lea County Correctional Facility. Complaint at 13. Correctional officers, suspicious that the visitor may be attempting to smuggle contraband into the prison, interviewed the visitor. *Id.* During the interview, the visitor confessed to carrying contraband on her person. *Id.* Following a search, correctional officers discovered that the visitor carried thirteen strips of suboxone and 2.32 grams of methamphetamine into the prison. *Id.* Subsequently, correctional officers filed an inmate misconduct report charging Plaintiff with dealing in dangerous drugs. *Id.* Plaintiff asserts that on the same day correctional officer Defendant Puente confiscated Plaintiff's personal property, including a television, headphones, game console, clothes, supplies, and documents. *Id.* at 3.

On August 9, 2016, Plaintiff was the subject of a disciplinary hearing on the charge of dealing in dangerous drugs. *Id.* at 19. Plaintiff contends that Defendant Rivas, a disciplinary officer, prevented Plaintiff from calling witnesses at the disciplinary hearing. *Id.* 1–3. Plaintiff maintains that Defendant Rivas denied Plaintiff assistance in the preparation of his defense and prevented Plaintiff from collecting evidence in advance of the hearing. Finally, he alleges that Defendant Rivas did not present any of the evidence identified on the inmate misconduct report. *Id.* at 3, 13. Even so, Defendant Rivas ultimately found Plaintiff guilty of dealing in dangerous drugs. *Id.* at 19. As sanctions, Defendant Rivas recommended thirty days of disciplinary

segregation and 365 days of visitation, commissary, and phone suspension. *Id.* Plaintiff also claims he "lost approximately six weeks of good time." *Id.* at 8.

Plaintiff filed an appeal of Defendant Rivas's disciplinary determination. Plaintiff claimed that: (1) the officers did not follow disciplinary polies; (2) the evidence did not support the decision; (3) the sanctions were excessive; and (4) new information would change the outcome of the decision. *Id.* at 27. Defendant Smith, Lea County Correctional Facility warden, denied Plaintiff's appeal on all four grounds. *Id.*

Following thirty days in disciplinary segregation, on August 1, 2016, Plaintiff received two trash bags containing the documents confiscated by Defendant Puente. *Id.* at 8. The documents purportedly included legal papers such as an alleged statement from an alibi witness and a petition for writ of habeas corpus. *Id.* at 3. Those documents, however, were "torn and trashed." *Id.* According to Plaintiff, Defendant Puente acted with a retaliatory motive—Plaintiff had filed grievances against Defendant Puente in the past. *Id.* at 8. Plaintiff also claims that Defendant Beaird, warden secretary, saw the trashed documents after correctional officers returned them to Plaintiff. *Id.* at 8–9. According to Plaintiff, Defendant Beaird later returned to Plaintiff's cell and confiscated the documents in an alleged conspiracy to cover up Defendant Puente's actions. *Id.* at 9.

Plaintiff has since been transferred to a different correctional facility. *See id.* at 4. Even so, Plaintiff claims that from August 1, 2016, to the date he was transferred, he was denied access to the law library at Lea County Correctional Facility. *Id.* Specifically, he asserts that while in segregation he could not access computers for legal research. *Id.* He further claims that most books have been removed from the law library or are on restricted access. *Id.*

On August 8, 2017, Plaintiff filed a complaint in federal district court asserting that Defendants violated his civil rights under 42 U.S.C. § 1983. *Id.* at 2. In Count I, Plaintiff claims that Defendants Rivas and Smith violated his due process rights under the Fourteenth Amendment based on their conduct during the disciplinary hearing and appeal. *Id.* at 8. He also appears to challenge his sanctions under the Due Process Clause. *Id.* In Count II, Plaintiff asserts that Defendant Puente violated his equal protection and due process rights under the Fourteenth Amendment and denied him access to the courts in violation of the First and Fourteenth Amendments. *Id.* at 8–9.[2] Finally, in Count III, Plaintiff claims that Defendants injured his First and Fourteenth Amendment rights when they denied him access to the prison law library. *Id.*

**Legal Standard**

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

---

[2] Plaintiff also claims that Defendants violated his Fifth Amendment rights. But Plaintiff does not clarify what specific Fifth Amendment right he alleges Defendants violated. The Court believes that Plaintiff has misconstrued the scope of the Fifth Amendment. Plaintiff only alleges claims against agents of the State of New Mexico, not the federal government. At the same time, his Fifth Amendment claim appears alongside his Fourteenth Amendment due process claim. Accordingly, the Court construes these claims together under the Fourteenth Amendment. *See, e.g.*, *Sawyer v. Burke*, 504 F. App'x 671, 674 (10th Cir. 2012) (construing a Fifth Amendment claim and a Fourteenth Amendment claim as "one in the same" when the claims shared a factual basis and the appellant alleged state agents, not the federal government, violated his constitutional rights).

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] court must accept as true all of the allegations contained in a complaint," and those factual allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing Plaintiff's pro se complaint, the Court liberally construes the allegations. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court will not, however, "assume the role of the advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

**Discussion**

1. Section 1983 requirements

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). Here, Plaintiff alleges that the individual defendants,[3] acting under color of state law, deprived him of his civil rights. Complaint at 1–2, 7. Accordingly, Plaintiff satisfies the preliminary requirements under § 1983 to bring claims against the individual defendants.

With respect to the remaining two defendants, Plaintiff has failed to state a valid claim. Lea County Correctional Facility is a detention center and, thus, is not a suable entity for purposes of § 1983. *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (upholding dismissal of suit against county jail because there was "no statutory or case authority supporting a direct action

---

[3] The Court refers to Smith, Beaird, Rivas, and Puente as the "individual defendants."

against a county's subdivisions, including its jails").[4] Geo Group Inc. is a private entity. Generally, private entities are only liable if they promulgated a policy that caused a deprivation of constitutional rights. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *Dodd v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). Plaintiff has not alleged facts showing any defendant acted pursuant to prison policy. Accordingly, the Court will dismiss defendants Lea County Correctional Facility and Geo Group Inc.

   2. Disciplinary proceedings

Plaintiff challenges his disciplinary proceeding and denial of his appeal under the Fourteenth Amendment. Specifically, Plaintiff claims Defendant Rivas prevented him from presenting witnesses at the disciplinary hearing and failed to provide him with assistance collecting evidence and preparing for the hearing. Complaint at 2–3. Plaintiff posits that as a result of his disciplinary hearing and the sanctions imposed, he lost approximately six weeks of good-time credits and his mental health suffered. *Id.* at 8. Plaintiff also appears to challenge the sanctions imposed on him.

First, Plaintiff takes issue with the procedures followed during his disciplinary hearing. But before he can successfully challenge those procedures under the Due Process Clause, Plaintiff must identify a protected liberty or property interest. *See, e.g.*, *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). The Court construes Plaintiff's complaint as alleging a protected interest in his good

---

[4] Under New Mexico law, the proper suable entity would be the Board of County Commissioners of Lea County. Plaintiff may amend his complaint to name the Board as a defendant, if he so chooses.

time credits. Indeed, Plaintiff asserts that he lost good time credits as a result of the disciplinary hearing. Section 1983, however, is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under . . . § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction but also when he challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648. Thus, because Plaintiff has not asserted that his disciplinary conviction has been invalidated, his § 1983 claim for damages for loss of good time credits is subject to dismissal under *Heck*.

Plaintiff also appears to argue that Defendants Rivas and Smith imposed unreasonable sanctions on him following the disciplinary proceedings. Complaint at 8. Plaintiff asserts: "I believe I will prove cruel and unusual punishment by classification and extended segregation over the amount of 30 days, as well as . . . resulting mental health issues[,] as a result of this unlawful violation of due process." *Id.* The Court construes this as a liberty interest due process claim. "State policies or regulations will not create the basis for a liberty interest in the conditions of confinement so long as they do not 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Estate of DiMarco v. Wyoming Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1339 (10th Cir. 2007) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "In

7

determining whether the government has imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,' as required by *Sandin*, [courts] consider the conditions of confinement, including both its duration and degree of restrictions, as compared with other inmates." *Jordan v. Fed. Bureau of Prisons*, 191 F. App'x 639, 650 (10th Cir. 2006) (citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999)). Here, Plaintiff does not claim that his classification change and segregation were "atypical" and imposed "significant hardship" on Plaintiff. Nor does he make those arguments in comparison to other inmates. *See Sandin*, 515 U.S. at 484. Thus, Plaintiff fails to allege a protected liberty interest that would trigger due process protections.

Finally, Plaintiff argues that Defendant Smith denied his appeal, despite a clear showing of policy and due process violations from the disciplinary hearing on August 9, 2016. Complaint at 8. But Plaintiff fails to clarify whether he is alleging a procedural or substantive due process claim. And assuming he is alleging a procedural claim, he fails to identify a protected liberty or property interest. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 527 (10th Cir. 1998) ("Professor Tonkovich has the burden to identify the [due process] rights that he alleges the defendants violated. Thus, the defendants should not be required to guess whether Professor Tonkovich pled a substantive due process claim, a procedural due process claim, or both." (internal citation omitted)). Plaintiff again fails to properly allege a due process violation.

In sum, Plaintiff fails to state a claim under § 1983 against Defendants Rivas and Smith for conduct occurring during the August 9, 2016, disciplinary proceeding and the subsequent appeal. Accordingly, the Court will dismiss Count I (Complaint at 2, 8) without prejudice.

### 3. Property allegations

Plaintiff asserts that Defendant Puente's confiscation and destruction of Plaintiff's property violated his due process and equal protection rights. Complaint at 3, 8. He further claims that the destruction of his property violated his constitutional right to access the courts. *Id.* at 3. The property Plaintiff alleges Defendant Puente confiscated or destroyed includes personal electronics, letters, pictures, and, importantly, legal documents. *Id.* The Court first addresses Plaintiff's Fourteenth Amendment arguments.

With respect to Plaintiff's due process claim, the Court concludes that Plaintiff fails to state a claim.

> [T]he Supreme Court [has] held that a deprivation occasioned by prison conditions or a prison regulation does not reach protected liberty interest status and require procedural due process protection unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484. [The Tenth Circuit] has ruled that property interest claims by prisoners are also to be reviewed under *Sandin*'s atypical-and-significant-deprivation analysis.

*Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006); *see also Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994) ("[S]ection 1983 does not distinguish between personal liberties and property rights, and a deprivation of the latter without due process gives rise to a claim under § 1983." (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989))). Thus, in order for this claim to survive, Plaintiff must allege that the confiscation of his property was atypical and significant compared to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484. Plaintiff has not done so.

Plaintiff's complaint also does not state an equal protection claim, which requires a threshold allegation that Defendants treated Plaintiff differently from similarly situated

individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (explaining that the Equal Protection Clause of the Fourteenth Amendment directs "that all persons similarly situated by treated alike."). Plaintiff's complaint simply recites "Equal Protection of the Law" under Claim II. Complaint at 3. He offers no additional facts about his equal protection allegation and fails to explain how Defendants treated him differently than any similarly situated individuals. In fact, the bare allegation in his complaint is too conclusory to even permit a proper legal analysis. *See Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995) (stating that complaint's allegations were "too conclusory" to allow for complete equal protection analysis). Accordingly, Plaintiff fails to state a cognizable equal protection claim.

Finally, Plaintiff asserts that Defendant Puente's destruction of his documents, including an alleged "alibi statement and habeas corpus," violated his right of access to the courts. Complaint at 8. Plaintiff also alleges that Defendant Puente destroyed these documents in retaliation for grievances Plaintiff filed against Defendant Puente in the past and that Defendant Beaird conspired to cover up Defendant Puente's misconduct. *Id.* The Court construes these allegations as three separate claims: (1) that Defendant Puente violated Plaintiff's right to access the courts; (2) that Defendant Puente retaliated against Plaintiff for exercising his First Amendment rights; and (3) that Defendant Puente and Defendant Beaird conspired to cover up the alleged wrongdoing.

Prisoners have a clearly established constitutional right of access to the courts. *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).[5] To establish such a claim, Plaintiff "must

---

[5] This right is grounded in Fourteenth Amendment's privileges and immunities and due process clauses and the First Amendment's right to petition. *See Nordgren v. Milliken*, 762 F.2d 851, 853 (10th Cir. 1985) (describing the constitutional bases for the right of access to the courts).

show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Id.* Here, Plaintiff claims that the destruction of his legal documents directly injured his ability to access the courts. Complaint at 9. Plaintiff claims the destruction of his documents "included a habeas corpus prepared after much research and help [that] I could not come up with again." *Id.* Accepting Plaintiff's claims as true—as the Court must when evaluating whether Plaintiff has stated a valid claim, *see Iqbal*, 556 U.S. at 678—the Court concludes that Plaintiff has sufficiently alleged he was prejudiced by the destruction of his habeas corpus petition, which he "could not come up with again." Complaint at 9; *see also Carter v. Hutto*, 781 F.2d 1028, 1031–32 (4th Cir. 1986) ("Carter has alleged a valid claim based on the deprivation of access to the courts . . . . He has asserted that prison officials confiscated and/or destroyed his legal materials, some of which were irreplaceable, thus infringing or rendering nugatory his constitutional right of access to the courts." (footnote omitted)). Accordingly, Plaintiff adequately states an access to the courts claim on these facts.

With respect to Plaintiff's retaliation claim, "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (describing a prison official's retaliation after inmate had filed grievances against the prison official); *see also Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (holding that action taken in retaliation for inmate's filing of administrative grievance violates inmate's First Amendment rights). Indeed, "[i]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under . . . Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith*, 899 F.2d at 948 (quoting *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978)). But "[a]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the

11

exercise of the prisoner's constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted) (emphasis in original). Here, Plaintiff has met that burden. Plaintiff alleges that Defendant Puente confiscated his electronics and destroyed his documents because Plaintiff filed grievances against Defendant Puente in the past. Stated another way, Plaintiff alleges that the grievances he filed against Defendant Puente—i.e., an exercise of his First Amendment rights—were the "but for" cause of Defendant Puente's actions. *Id.* at 1144. Accordingly, the Court finds that Plaintiff has adequately alleged a retaliation claim against Defendant Puente.

Lastly, Plaintiff claims that Defendant Puente and Defendant Beaird conspired to cover up the destruction of his legal documents. Complaint at 9. "Allegations of conspiracy may, indeed, form the basis of a § 1983 claim." *Tonkovich*, 159 F.3d at 533. But "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Id.* "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Id.* (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)). Here, Plaintiff makes only one conclusory statement referencing the alleged conspiracy. Complaint at 8 ("I claim conspiracy to cover this up."). And the complaint contains no allegations of an agreement or concerted action between Defendant Puente and Defendant Beaird. Accordingly, Plaintiff fails to state a conspiracy claim under § 1983.

In sum, Plaintiff has sufficiently alleged access to the courts and retaliation claims against Defendant Puente. He has not, however, provided a factual basis sufficient to state a claim that he has been denied due process or equal protection. He also fails to properly allege a conspiracy between Defendant Puente and Defendant Beaird.

4. Access to law library

Plaintiff's final claim relates to access to the prison library. Complaint at 4. Plaintiff again relies on his constitutional right of access to the courts. While prison law libraries are a means to effectuating meaningful access to the courts, the Constitution does not endow prisoners "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* Thus, to state a claim for denial of access to the courts, a plaintiff "must show actual injury," *id.* at 349, such as "any denial or delay of access to the court prejudiced him in pursuing litigation," *Treff*, 74 F.3d at 194. Here, Plaintiff fails to allege an actual injury resulted from his inability to access the prison law library. Accordingly, Plaintiff lacks standing to assert this claim. *See Lewis*, 518 U.S. at 349 (explaining that the actual injury requirement is a component of constitutional standing).

**Conclusion**

IT IS ORDERED that

(1) Plaintiff's claims against Defendants Lea County Correctional Facility and Geo Group Inc. are DISMISSED.

(2) Count I is DISMISSED without prejudice.

(3) Count II is DISMISSED in part as follows:

    a. Plaintiff's due process claim is DISMISSED without prejudice.

    b. Plaintiff's equal protection claim is DISMISSED without prejudice.

    c. Plaintiff's conspiracy claim is DISMISSED without prejudice.

(4) Count III is DISMISSED without prejudice.

(5) Plaintiff, may, by November 20, 2019, file an amended complaint to remedy the deficiencies in his complaint consistent with this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE