**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**PRESTON BLAKE,**

    **Plaintiff,**

    **v.**                                     **Civ. No. 17-807 MIS/KK**

**GEO GROUP, INC.,** *et al.***,**

    **Defendants.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

    THIS MATTER is before the Court on Plaintiff's Amended Complaint (Doc.19), filed January 17, 2020, and Defendants' Motion for Summary Judgment (Doc. 75), filed December 12, 2020.  In these Proposed Findings and Recommended Disposition ("PFRD"), the Court addresses Plaintiff's claims against Defendant the Board of County Commissioners of Lea County ("Board"), and recommends that the Court grant summary judgment to this Defendant.[1]

    On August 8, 2017, Plaintiff Preston Blake, a New Mexico inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 Complaint against various defendants in relation to his incarceration at the Lea County Correctional Facility ("LCCF").  (Doc. 1.)  In a Memorandum Opinion and Order issued on October 18, 2019, the Court, pursuant to 28 U.S.C. § 1915(e)(2), properly dismissed Plaintiff's claims against Defendant Lea County Correctional Facility because it "is a detention center and, thus, is not a suable entity for purposes of § 1983." (Doc. 12 at 5.)  Believing that Mr. Blake intended to proceed against Lea County, the Court stated in a footnote that "[u]nder New Mexico

---

[1] Defendants have moved for summary judgment on all of Plaintiff's claims, (Doc. 75), and the Court will address the remainder of Defendants' Motion in a separate PFRD.

law, the proper suable entity would be the Board of County Commissioners of Lea County." (*Id.*, n. 4; *see also* Doc. 20 at 6 (citing N.M. Stat. Ann. § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county.")).)  The Court also informed Mr. Blake that he "may amend his complaint to name the Board as a defendant, if he so chooses." (Doc. 12, n. 4.)  Thus, Mr. Blake filed his Amended Complaint wherein he "request[ed] to name Board of County Commissioners of Lea County as Defendants in accordance to this Court[']s footnote as the proper suable entity under New Mexico law." (Doc. 19 at 1.)  Specifically, in his Amended Complaint, Plaintiff asserts a § 1983 *Monell*[2] claim against the Board for allegedly maintaining an unconstitutional policy of removing inmates from protective custody and placing them into a general population drug suppression program with deliberate indifference to the danger such placement poses. (*Id.*; *see also* Doc. 20 at 4, 6-7, 10–11.)

Under Federal Rule of Civil Procedure 56, this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the initial burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

---

[2] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.  An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."  *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citation omitted).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  For purposes of summary judgment, a prisoner's complaint is treated as evidence if it alleges specific facts based on the prisoner's personal knowledge and has been subscribed under penalty of perjury.  28 U.S.C. § 1746; *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Id.*  However, "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Id.* at 1110.

To bring a § 1983 claim against a municipality or a private entity acting under color of state law, a plaintiff must show that the entity "caused the constitutional violation by instituting a policy that 'was the 'direct cause' or 'moving force' behind the constitutional violations.'"  *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–85 (1986)).  A plaintiff is required to show three elements: "(1) official policy or custom, (2) causation, and (3) state of mind."  *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).  Plaintiff cannot meet even the first element as to the Board, because Lea County is in no way involved in making policy for or operating LCCF.

LCCF is a prison facility in Hobbs, New Mexico that houses post-conviction felony offenders who come into the custody of the New Mexico Corrections Department ("NMCD") to

serve sentences imposed by courts of competent jurisdiction.  (Doc. 39-1 ¶ 3); *see generally* N.M. Stat. Ann. §§ 33-1-1, 33-1-3, 33-1-17, & 31-20-2(A) & (G).  Defendant the GEO Group ("GEO") operates LCCF in accordance with policies and procedures promulgated by the NMCD. (Doc. 39-1 ¶ 3); N.M. Stat. Ann. § 31-20-2(G).  Plaintiff has not presented any evidence showing that Lea County or Defendant the Board has any involvement in setting NMCD policy or in the management or operation of LCCF.[3] And while Plaintiff alleges that the at-issue drug suppression program ("DSP") "is [the] policy Geo or Board of County Commissioners of Lea County had in place that is in violation of Plaintiff's civil rights, violating Plaintiff's Eighth Amendment right," (Doc. 58 at 15), the evidence presented establishes that the DSP is the policy of the NMCD and not of Lea County or its Board. (Doc. 48-3 at 1-10.)

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality may only be held liable "for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997). Because the DSP that Plaintiff challenges is a policy promulgated by the NMCD, this policy cannot be the basis of an actionable *Monell* claim against the Board.  Further, because there is no record evidence to establish that Lea County or its Board "institut[ed] a[ny] policy that 'was the 'direct cause' or 'moving force' behind the constitutional violations" Plaintiff alleges, the *Monell* claim against the

---

[3] The NMCD website describes LCCF in pertinent part as follows:

> The Lea County Correctional Facility is a . . . private prison located on 60 acres leased from Lea County yet annexed by the city of Hobbs, New Mexico. . . This medium security facility contracted by Lea County to house NMCD male offenders, is owned by Correctional Properties Trust and operated by The GEO Group, Inc.

*See* https://cd nm.gov/divisions/adult-prison/nmcd-prison-facilities/ (last visited Feb. 10, 2022).

Board cannot survive. *Smedley,* 175 F. App'x at 946.  Plaintiff has not demonstrated a genuine

triable issue.  As such, the Court should grant the Board summary judgment and dismiss the claim

against this party with prejudice.

For the reasons stated above, the Court recommends the Board of County Commissioners

of Lea County be granted summary judgment and that it be dismissed as a party to this litigation

with prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of
these Proposed Findings and Recommended Disposition they may file written objections with
the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any
objections with the Clerk of the District Court within the fourteen-day period if that
party wants to have appellate review of the proposed findings and recommended
disposition. If no objections are filed, no appellate review will be allowed.**

---

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE