IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PRESTON BLAKE,**

   **Plaintiff,**

   v.                                                                                      Civ. No. 17-807 MIS/KK

**GEO GROUP, INC.,** *et al.***,**

   **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

Plaintiff Preston Blake, a state prisoner proceeding *pro se*, claims that he cannot be placed in the general population of any prison facility in New Mexico without risking assault or death and should thus be housed in protective custody at all times. (Doc. 19 at 2; Doc. 97 at 1.) On August 27, 2021, Plaintiff filed a Motion to Request Preliminary Injunctions ("the Motion"), in which he asks the Court to order the New Mexico Corrections Department ("NMCD"), a non-party to this action, to remove him from general population and place him in protective custody. (Doc. 97.) In the Motion, Plaintiff also seeks an order directing the return of unspecified "legal books," the restoration of "all legal documents destroyed," and the unfreezing of his inmate account. (*Id.* at 3.) Defendants filed a response on September 16, 2021, asserting that they are "in no position to investigate, gather and submit admissible evidence to the Court, and otherwise formulate a substantive response to Plaintiff's Motion." (Doc. 102 at 1.) When Plaintiff filed the Motion, he was housed at the Northeast New Mexico Correctional Facility ("NENMCF"), which is operated

---

[1] By an Order of Reference (Doc. 94), filed May 26, 2021, this matter was referred to me to perform any legal analysis required to recommend an ultimate disposition of the case.

by non-party NMCD.[2] Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court recommends that Plaintiff's Motion be DENIED.

A preliminary injunction is an extraordinary remedy, the right to which must be clear and unequivocal. *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). "[A] court may not enter an injunction against a person [or entity] who has not been made a party to the case before it." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) (citing *Scott v. Donald,* 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")); *Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 13 (1945) (courts may not grant an injunction "so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law"); *Chase National Bank v. City of Norwalk,* 291 U.S. 431, 436, 479 (1934) (finding "clearly erroneous" an injunction that was directed at "all persons to whom notice of the order of injunction should come" and explaining that "[u]nless duly summoned to appear in a legal proceeding," "a person not a privy [of a party] may rest assured that a judgment recovered therein will not affect his legal rights"); *Alemite Mfg. Corp. v. Staff,* 42 F.2d 832, 832-33 (2d Cir. 1930) (holding that district court lacked authority to issue an injunction against a non-party); *see also Golden State Bottling Co. v. NLRB,* 414 U.S. 168, 180 (1973); *Hitchman Coal & Coke Co. v. Mitchell,* 245 U.S. 229, 234–35 (1917); *Kean v. Hurley,* 179 F.2d 888, 890–92 (8th Cir. 1950); *see generally Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969) ("[O]ne is not bound by a

---

[2] On November 8, 2021, Plaintiff filed a notice of change of address stating that he has been transferred to the Guadalupe County Correctional Facility, and that he "is still being forced into general population despite NMCD knowing the danger to Plaintiff." (Doc. 106.)

judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). Therefore, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). Before the Court may issue a preliminary injunction against a party to this action, Mr. Blake would have to make four showings: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless injunctive relief is issued; (3) that any claimed injury outweighs the harm that the preliminary injunction may cause the opposing party; and, (4) that the injunction, if issued, will not be adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002), *abrogated on other grounds by Audubon Soc. of Greater Denver v. U.S. Army Corp of Engineers*, 908 F.3d 593, 604 (10th Cir. 2018); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 19 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") (*citing Munaf v. Geren*, 553 U.S. 674, 688-89 (2008)). "[A]ny modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible." *Diné*, 839 F.3d at 1282.

NMCD is not a party to this action and the Court may not enter an injunction against it here. Further, Mr. Blake has not satisfied his four-part burden to demonstrate his entitlement to the extraordinary remedy he seeks as against any entity. As such, Mr. Blake's motion for a preliminary injunction should be denied.

For the reasons stated above, the Court recommends that Plaintiff's Motion to Request Preliminary Injunctions (Doc. 97) be DENIED.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE